IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLOS REYES, *et al.*, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-0847 |
| | § | |
| RITE-WAY JANITORIAL | § | |
| SERVICE, INC., | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Dismiss [Doc. # 17] filed by

Defendant Rite-Way Janitorial Service, Inc. ("Rite-Way"), to which Plaintiffs Carlos

Reyes and Angel Reyes filed a Response [Doc. # 22], and Rite-Way filed a Reply

[Doc. # 23].  Having reviewed the full record and governing legal authorities, the

Court **grants** the Motion to Dismiss with leave granted for Plaintiffs to replead.

## I.   BACKGROUND

Plaintiffs were employed as janitors for Rite-Way, a janitorial service.

Plaintiffs allege that Defendant violated the Fair Labor Standards Act ("FLSA") by

failing to pay them proper wages for all the hours they worked.  Specifically, Plaintiffs

allege that Rite-Way failed to pay them for travel time between jobsites, docked their

pay for a full hour if they were only a few minutes late, and paid only for hours they

were scheduled to work rather for all hours actually worked.  Plaintiffs allege that they

regularly worked in excess of forty hours per week.  Plaintiffs allege also that Rite-Way failed to maintain accurate time and pay records.

Defendant filed its Motion to Dismiss in which it argues, *inter alia*, that Plaintiffs failed to allege a factual basis for individual or enterprise coverage under the FLSA.  The Motion to Dismiss has been fully briefed and is now ripe for decision.

## II.    STANDARD FOR MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted.  *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).  The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true.  *Harrington*, 563 F.3d at 147.  The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012).

## III.    ANALYSIS

Under the FLSA, an employee "who is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce" must receive overtime

compensation for hours worked in excess of forty hours per week. 29 U.S.C. § 207(a)(2)(C).  The test in the Fifth Circuit for whether an employee is "engaged in commerce" is "whether the work is so directly and vitally related to the functioning or an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it rather than an isolated activity."  *See Williams v. Henagan*, 595 F.3d 610, 621 (5th Cir. 2010) (quoting *Sobrinio v. Med. Ctr. Visitor's Lodge, Inc.*, 474 F.3d 828, 829 (5th Cir. 2007)).  "Work that is purely local in nature does not meet the FLSA's requirements, but '[a]ny regular contact with commerce, no matter how small, will result in coverage.'"  *Id*.

In this case, Plaintiffs fail to allege any factual basis for their being "engaged in commerce" as defined in the Fifth Circuit.  As a result, they have failed to allege a factual basis for FLSA coverage.  Defendant's Motion to Dismiss is, therefore, granted.

Where, as here, a plaintiff's complaint fails to state a claim, the court should generally give the plaintiffs at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice.  *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).  In their Response, Plaintiffs request leave to amend the complaint should the Court determine that Defendant's Motion to Dismiss has merit.  The Court concludes that Plaintiff

should be given an opportunity to amend the complaint.  All claims and factual allegations in the amended pleading must comply with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

## IV.   CONCLUSION AND ORDER

Plaintiffs have failed to allege that their work for Defendant has a connection with interstate commerce.  As a result, they have failed to allege either individual or enterprise coverage under the FLSA, and it is hereby

**ORDERED** that Defendant's Motion to Dismiss [Doc. # 17] is **GRANTED** with leave for Plaintiffs to replead.  The Court will set the deadline for amendments to pleadings at the September 24, 2015, initial conference.

SIGNED at Houston, Texas, this  21st  day of **September, 2015**.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE