United States District Court
Southern District of Texas
**ENTERED**
February 16, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLOS REYES, *et al.*, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-0847 |
| | § | |
| RITE-WAY JANITORIAL | § | |
| SERVICE, INC., | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This Fair Labor Standards Act ("FLSA") case is before the Court on the Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Motion to Dismiss") [Doc. # 29] and the Motion for Summary Judgment [Doc. # 30] filed by Defendant Rite-Way Janitorial Service, Inc. ("Rite-Way").[1]  Also pending is the Motion for Partial Summary Judgment [Doc. # 35] filed by Plaintiffs Carlos Reyes and Angel Reyes, to which Defendant filed a Response [Doc. # 38].  The single issue in the three pending motions is whether Defendant is subject to FLSA enterprise coverage.  Having reviewed the record and applicable legal authorities, the Court **denies** Defendant's

---

[1] Plaintiffs filed a Response [Doc. # 33] in opposition to Defendant's Motion to Dismiss, and Defendant filed a Reply [Doc. # 36]. Plaintiffs filed a Response [Doc. # 34] in opposition to Defendant's Motion for Summary Judgment, and Defendant filed a Reply [Doc. # 37].

motions and **grants** Plaintiff's Motion for Partial Summary Judgment as to Enterprise Coverage.

## I. BACKGROUND

Plaintiffs were employed as janitors for Rite-Way, a janitorial service that does business in Houston, Texas, and surrounding areas. Plaintiffs allege that Defendant violated the FLSA by failing to pay them proper wages for all the hours they worked. Specifically, Plaintiffs allege that Rite-Way failed to pay them for travel time between jobsites, docked their pay for a full hour if they were only a few minutes late, and paid only for hours they were scheduled to work rather for all hours actually worked. Plaintiffs allege that they regularly worked in excess of forty hours per week. Plaintiffs allege also that Rite-Way failed to maintain accurate time and pay records.

Plaintiffs allege that Rite-Way was an enterprise covered by the FLSA because (1) its employees handled materials such as "mops, brooms, towels, soap, chemicals, vacuum cleaners, and other cleaning materials, supplies, and equipment" that had moved in interstate commerce, and (2) its annual gross volume of sales exceeded $500,000.

Defendant filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction and a Motion for Summary Judgment, arguing that it is not subject to enterprise coverage under the FLSA. Plaintiffs filed a Motion for Partial Summary Judgment, seeking

summary judgment that Defendant is subject to enterprise coverage. The Motion to Dismiss has been fully briefed and is now ripe for decision.

## II.    APPLICABLE LEGAL STANDARDS

Defendant's challenge to coverage under the FLSA is more accurately construed as a challenge to the merits of Plaintiffs' FLSA claim rather than to the Court's subject matter jurisdiction. *See Tran v. Thai*, 2010 WL 5232944, *1 (S.D. Tex. Dec. 16, 2010) (citing *Clark v. Tarrant Cnty, Tex.*, 798 F.2d 736 (5th Cir. 1986)); *see also Lindgren v. Spears*, 2010 WL 5437270, *2 (S.D. Tex. Dec. 27, 2010). As a result, the Court will evaluate the pending motions as cross-motions for summary judgment on the enterprise coverage issue.

Summary judgment is appropriate against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *see also Curtis v. Anthony,* 710 F.3d 587, 594 (5th Cir. 2013). Summary judgment should be granted if "there is no genuine issue as to any material fact . . . the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see Celotex*, 477 U.S. at 322-23; *Curtis*, 710 F.3d at 594. In this case, the

parties' have filed cross-motions for summary judgment, and the material facts are stipulated for purposes of the enterprise coverage issue.

### III.   ANALYSIS

Under the FLSA, an employee who is engaged in commerce or in the production of goods for commerce ("individual coverage"), or is employed in an enterprise engaged in commerce or in the production of goods for commerce ("enterprise coverage") must receive overtime compensation for hours worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a)(2)(C). An employer is subject to enterprise coverage under the FLSA if it (1) "has employees engaged in commerce or in the production of goods for commerce, or . . . has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and (2) has at least $500,000 of "annual gross volume of sales made or business done." *See* 29 U.S.C. § 203(s)(1)(A); *Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010); *Landeros v. Fu King, Inc.*, 12 F. Supp. 2d 1020, 1023 (S.D. Tex. 2014).

The term "goods" is defined in the FLSA to exclude "goods after their delivery into the actual physical possession of the ultimate consumer thereof other than a producer, manufacturer, or processor thereof." *See* 29 U.S.C. § 203(i). This is referred to as the "ultimate-consumer exception." *See, e.g., Polycarpe*, 616 F.3d at

1222; *Landeros*, 12 F. Supp. 3d at 1024.  Prior to 1974, only employees who handled "goods" were potentially covered by the FLSA and, therefore, the ultimate-consumer exception could exempt an employer from coverage.  *See Polycarpe*, 616 F.3d at 1222.  In 1974, Congress amended the FLSA to extend enterprise coverage to employers whose employees handled "goods ***or materials***."  *See id.* (emphasis in original).  The Eleventh Circuit has held that "materials" in the FLSA "means tools or other articles necessary for doing or making something." *Id.* at 1224.

In this case, Rite-Way has stipulated "that it has gross sales at, or in excess of, $500,000 annually." *See* Motion to Dismiss, p. 11.  Rite-Way has stipulated also that its "employees have handled . . . goods or materials that have moved in commerce prior to Rite-Way employees using those goods or materials as the ultimate consumer while performing janitorial activities." *Id.*  As examples, the Eleventh Circuit listed soap and other cleaning supplies. *Id*.  "Whether an item counts as 'materials' will depend on two things: 1) whether, in the context of its use, the item fits within the ordinary definition of 'materials' under the FLSA and 2) whether the item is being used commercially in the employer's business." *Id*. at 1225-26.  As a result, the Court would hold that the soap, cleaning supplies, and equipment such as mops and vacuum cleaners would be "materials" under the FLSA, even if Rite-Way had not stipulated that its employees handled "materials."

Rite-Way argues that, as the ultimate consumer of the goods or materials handled by its employees, it is not engaged in commerce and is not within the enterprise coverage of the FLSA. The Eleventh Circuit in *Polycarpe* decided this issue fully and persuasively, rejecting the argument asserted in this case by Rite-Way.[2]

In *Polycarpe*, the Eleventh Circuit considered the statutory language of § 203(s)(1), common definitions, the legislative history of the statute, and Department of Labor opinion letters. The Eleventh Circuit noted that the 1974 addition of "materials" to § 203(s)(1) demonstrated Congress's intent to add "a different means to qualify for FLSA coverage." *Id.* The Eleventh Circuit held that "materials" could not be covered by the ultimate-consumer exception because that exception is contained only in the FLSA's definition of "goods." *Id.* Therefore, as held persuasively by the Eleventh Circuit, if an employer has employees "handling, selling, or otherwise working on . . . materials," the employer would be subject to the FLSA if it satisfied the $500,000 sales volume requirement also. *Id.*; *see also Landeros*, 12 F. Supp. 3d at 1024 (and cases cited therein); *White v. NRC Transp., Inc.*, 2013 WL 5430512, *4 (N.D. Miss. Sept. 27, 2013); *Tran v. Thai*, 2010 WL 5232944, *4 n.1 (S.D. Tex. Dec. 16, 2010).

---

[2]  Neither the United States Court of Appeals for the Fifth Circuit nor any other federal appellate court has decided this issue directly.

Rite-Way has stipulated that it meets the $500,000 sales volume requirement and that it has employees who have handled "goods or materials that have been moved in commerce prior to Rite-Way employees using those goods or materials as the ultimate consumer while performing janitorial activities." *See* Motion to Dismiss, p. 11. As a result, based on the statutory language of the FLSA and the persuasive opinion by the Eleventh Circuit in *Polycarpe*, the Court concludes that Rite-Way falls within the enterprise coverage provision of the FLSA.

## IV.    CONCLUSION AND ORDER

Rite-Way has stipulated that it has gross sales at, or in excess of, $500,000 annually. Rite-Way has stipulated also that its employees handled materials that moved in commerce. Based on these stipulations, the statutory language of the FLSA, and the application of persuasive legal authority, the Court concludes that Defendant is subject to enterprise coverage under the FLSA. Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction [Doc. # 29] and Motion for Summary Judgment [Doc. # 30] are **DENIED**. It is further

**ORDERED** that Plaintiffs' Motion for Partial Summary Judgment as to Enterprise Coverage [Doc. # 35] is **GRANTED**.

SIGNED at Houston, Texas, this **16th** day of **February, 2016**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE